UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MASTER-HALCO, INC., | : |
| | : |
| Plaintiff, | : |
| | :  No. 3:09cv1546 (MRK) |
| v. | : |
| | : |
| SCILLIA, DOWLING & | : |
| NATARELLI, LLC, et al., | : |
| | : |
| Defendants. | : |

**MEMORANDUM OF DECISION**

Currently pending before the Court is a motion *in limine*, filed by Defendants, that seeks to preclude Plaintiff Master-Halco from eliciting testimony at trial regarding its claim that Defendants aided and abetted Michael Picard – the director of Atlas Fence – in breaching a fiduciary duty he owed Master-Halco, a creditor of Atlas Fence. *See* Defs.' Mem. in Supp. of Omnibus Mot. *in Limine* [doc. # 82] at 21-23. The Court assumes familiarity with the facts and procedural history to date. In sum, Master-Halco has alleged that once Mr. Picard's company, Atlas Fence, entered the so-called "zone of insolvency," Mr. Picard owed a fiduciary duty to creditors, including Master-Halco, and that Defendants aided and abetted Mr. Picard in breaching that fiduciary duty. *See* Compl. [doc. # 15] ¶¶ 42-47. Master-Halco has indicated that it will elicit testimony from one of its experts, James Murray, regarding the "zone of insolvency," the alleged breach of fiduciary duty, and Defendants' aiding and abetting of that breach. *See* Expert Rep. of James Murray, Tab 2 [doc. # 73-2] of Joint Trial Mem. Defendants seek to exclude this testimony, arguing first, that Connecticut law does not recognize a cause of action based on fiduciary duties that officers and directors of debtors owe to

1

creditors; and second, that even if there is such a cause of action, it may only be brought as a derivative action for the benefit of creditors generally, and not directly by any particular creditor on its own behalf. *See* Defs.' Mem. in Supp. of Omnibus Mot. *in Limine* [doc. # 82] at 21-23; Defs.' Supplemental Mem. Regarding Breach of Fiduciary Duty Under Conn. Law [doc. # 86]. The Court agrees with Defendants that Connecticut courts have not recognized a cause of action for breach of fiduciary duty on behalf of creditors against officers and directors of a debtor that is in the zone of insolvency. Therefore, the Court GRANTS Defendants' motion *in limine*.

No Connecticut Supreme Court or Appellate Court decision has addressed this issue. However, at least two Superior Court decisions have rejected the cause of action. *See Metcoff v. Lebovics*, 51 Conn. Supp. 68, 75 (Conn. Super. Ct. 2007); *All Metals Indus., Inc. v. TD Banknorth*, No. CV075002464S, 2008 WL 731954, at *5 (Conn. Super. Ct. Feb. 27, 2008). As Master-Halco points out, in the absence of case law from a Connecticut appellate court, this Court is not bound by Connecticut Superior Court decisions on matters of state law. *See Gullotta v. Eli Lilly & Co.*, No. Civ. H-82-400, 1985 WL 502793, at *4 (D. Conn. May 9, 1985) ("[W]hen the highest state court has not yet ruled, a federal district court is not bound by such Connecticut Superior Court decisions.") (citation omitted); *see also Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 119 (2d Cir. 2001) ("While we must defer to the Connecticut Supreme Court on issues of state law, where there is no decision by the state's highest court then federal authorities must apply what they find to be the state law after giving proper regard to relevant rulings of other courts of the State.") (citation and quotation marks omitted). Nevertheless, the Court believes that *Metcoff*'s holding is both well-reasoned and suggests the likely trajectory of the Connecticut courts' thinking on this issue.

In *Metcoff*, Judge Stevens considered, as a matter of first impression in Connecticut, the

precise argument advanced here by Master-Halco: that an individual creditor can bring a claim directly against directors for breach of fiduciary duties owed that creditor while the company was in the zone of insolvency. *See* 51 Conn. Supp. at 73. Judge Stevens, sitting in the Complex Litigation Docket, rejected the argument, finding persuasive a recent ruling of the Delaware Supreme Court, which held (as a matter of Delaware law) that "directors do not owe creditors duties beyond the relevant contractual terms." *Id.* at 74 (quoting *N. Am. Catholic Educ. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 99 (Del. 2007)).

The Delaware Supreme Court rejected such a cause of action for several reasons. First, directors and officers owe their fiduciary obligations to the corporation and its shareholders. Fiduciary duties are imposed on directors to regulate their conduct when they perform their functions for the corporation. Even when a corporation is in the zone of insolvency, the focus of officers and directors should be on what is in the best interests for the corporation and shareholders, not creditors. *Gheewalla*, 930 A.2d at 101 ("When . . . in the zone of insolvency, the focus for Delaware directors does not change: directors must continue to discharge their fiduciary duties to the corporation and its shareholders by exercising their business judgment in the best interests of the corporation for the benefit of its shareholder owners.").

Second, the court recognized that creditors have considerable existing protections and therefore do not need the court to expand directors' and officers' fiduciary duties. In particular, the contractual obligation between corporations and creditors may provide relief. Furthermore, fraudulent conveyance law, bankruptcy law and the implied covenant of good faith and fair dealing "render the imposition of an additional, unique layer of protection through direct claims for breach of fiduciary duty unnecessary." *Id.* at 100. And as *Gheewalla* held, though they may not bring

3

*direct* claims for breach of fiduciary duty against directors, creditors may still be able to bring derivative claims on behalf of the insolvent corporation. *Id.* at 102.

In *Metcoff*, Judge Stevens quoted extensively from *Gheewalla*'s reasoning in declining to extend directors' fiduciary duties to creditors:

> Recognizing that directors of an insolvent corporation owe direct fiduciary duties to creditors, would create uncertainty for directors who have a fiduciary duty to exercise their business judgment in the best interest of the insolvent corporation. To recognize a new right for creditors to bring direct fiduciary claims against those directors would create a conflict between those directors' duty to maximize the value of the insolvent corporation for the benefit of all those having an interest in it, and the newly recognized direct fiduciary duty to individual creditors. Directors of insolvent corporations must retain the freedom to engage in vigorous, good faith negotiations with individual creditors for the benefit of the corporation.

*Metcoff*, 51 Conn. Supp. at 74 (quoting *Gheewalla*, 930 A.2d at 103). Judge Stevens adopted this reasoning explicitly, and held that, as a matter of Connecticut law, "the general rule" is that "whether a corporation is solvent or insolvent, directors of the corporation do not owe a fiduciary duty to a corporate creditor that would expose them to personal liability to the creditor for an alleged breach of such duty." *Id.* at 74-75. As Judge Stevens put it, "[t]he officers and directors of a corporation owe their fiduciary duties to the corporation and its shareholders, and corporate creditors are afforded rights and remedies under existing and extensive contract, tort and statutory protections." *Id.* at 75.

While Judge Stevens' holding in *Metcoff* has not yet been examined by either the Connecticut Appellate Court or the Supreme Court, it was adopted by Judge Aurigemma in another Superior Court case. *See All Metals Indus., Inc. v. TD Banknorth*, No. CV075002464S, 2008 WL 731954, at *5 (Conn. Super. Ct. Feb. 27, 2008). Citing *Metcoff*, Judge Aurigemma held that "[t]here is no statutory or case law which imposes any fiduciary duty to creditors on the members, shareholders,

4

officers or directors of a corporation or limited liability company." *Id.*   This Court is unaware of any Connecticut authority that has reached a contrary conclusion.[1]

A recent decision of the United States District Court for the Southern District of New York is also convincing.  In *RSI Communications PLC v. Bildirici*, 649 F. Supp. 2d 184 (S.D.N.Y. 2009), Judge Richard Sullivan held that New York law would not recognize even a derivative cause of action by creditors against a corporate officer for breach of fiduciary duties when a corporation is in the zone of insolvency.[2]  As Judge Sullivan recognized, "adopting Plaintiff's 'zone of insolvency' theory would provide redundant legal protections to creditors, while impeding corporations' ability to recruit qualified directors, generate capital" and serve those who should be their primary focus – the corporation itself and its shareholders.  *Id.* at 206.

In sum, the Court has little difficulty concluding that the cause of action for which Master-Halco advocates does not exist under Connecticut law. Additionally, the Court does not believe, as a predictive matter, that the Connecticut appellate courts will embrace a cause of action for breach of fiduciary duty, brought directly by a creditor against corporate officers and directors, for the period in which a corporation is in the zone of insolvency.  It appears likely that, at most, the Connecticut

---

[1] For support of its position, Master-Halco cites *Bennett Restructuring Fund, L.P. v. Hamburg*, No. X02CV010167682S, 2003 WL 178753 (Conn. Super. Jan. 2, 2003), where Judge Sheldon noted, as a matter of Delaware law, that once in the zone of insolvency, a corporation's directors may owe fiduciary duties "generally to all creditors, [but] not specially or directly to any particular creditor." *See id.* at *20.  This is consistent with *Gheewalla*, but it does not support Master-Halco's contention that it should be able to bring a *direct* (rather than derivative) claim for breach of fiduciary duty.

[2] New York law does permit creditors to bring a derivative cause of action against directors for breach of fiduciary duties once the corporation is actually insolvent; Judge Sullivan's holding rejected the extension of those duties to the pre-insolvency period.  *See Bildirici*, 649 F. Supp. 2d at 202 ("Indeed, [u]nder New York law, creditors are owed a fiduciary duty by officers and directors of a corporation *only* when the corporation is insolvent.") (citation omitted, alterations and emphasis in original).

courts would either follow Judge Sullivan's interpretation of New York law and limit directors' fiduciary duties to creditors to only the period of actual insolvency, or the Delaware court's reasoning, explained in *Gheewalla* and adopted by Judge Stevens in *Metcoff*, and limit creditors to derivative claims for actions taken during the zone of insolvency. To rule for Master-Halco, the Court would have to be confident that the Connecticut courts would ultimately expand fiduciary duties beyond the limits placed by *Metcoff*, *Gheewalla*, and *Bildirici*.[3] Such confidence would be misplaced. Therefore, unless and until the General Assembly acts to expand fiduciary duties that directors owe creditors, or a Connecticut appellate court reaches a conclusion contrary to that expressed in *Metcoff*, this Court is satisfied that creditors can adequately protect themselves under the existing and extensive statutory, contract, and common law remedies. *See Metcoff*, 51 Conn. Supp. at 73-74.

Given the uncertain state of the law in this area, moreover, it would also be inequitable to hold Defendants liable for aiding and abetting a breach of fiduciary duty that the director himself could not reasonably have known he owed. That is, a claim for aiding and abetting a breach of fiduciary duty requires evidence of "knowledge by the aider that the fiduciary is breaching a duty." *Stanley Ferber & Assocs. v. Northeast Bancorp., Inc.*, No. CV 93-0344932, 1993 WL 489334, at *6 (Conn. Super. Ct. Nov. 16, 1993). It is difficult to see how Master-Halco could prove that Defendants knew that they were assisting Mr. Picard in a breach a fiduciary duty when no Connecticut court has held that such a duty exists.

---

[3] Master-Halco also cites two cases from the United States Bankruptcy Court for the District of Connecticut to support its argument. *See In re Fernandez*, Bankr. No. 06-20296, 2008 WL 268975, at *7 (Bankr. D. Conn. Jan. 29, 2008); *In re Picard*, 339 B.R. 542, 554 (Bankr. D. Conn. 2006). The Court finds neither case persuasive. The statement in *Fernandez* relied upon by Master-Halco was merely *dicta* and *Picard* was decided prior to *Gheewalla* and *Metcoff*. Moreover, each case relies on

Since Master-Halco could not bring a claim against Mr. Picard directly for breach of fiduciary duty, it similarly cannot sustain an action against Defendants for the aiding and abetting a breach of that fiduciary duty.  *See Efthimiou v. Smith*, 268 Conn. 499, 505 (2004); *Hartley v. Boyd*, No. X02CV034004679SCLD, 2008 WL 442142, at *15 (Conn. Super. Ct. Feb. 4, 2008) ("A civil action for aiding and abetting a breach of fiduciary duty depends upon the existence of a valid underlying cause of action for breach of fiduciary duty.").  Accordingly, Defendants' Motion *in Limine* [doc. # 81] is GRANTED insofar as it seeks to preclude Master-Halco from introducing evidence or eliciting testimony related to its claim that Defendants aided and abetted Mr. Picard in breaching a fiduciary duty owed to Master-Halco once Atlas Fence entered the "zone of insolvency."

IT IS SO ORDERED.

/s/  Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: April 5, 2010.**

---

precedent whose viability has been called into question by *Gheewalla* and/or *Metcoff*.